# United States Court of Appeals

### For the Eighth Circuit

_____

No. 12-3533

_____

United States of America

*Plaintiff - Appellee*

v.

Gilberto Lara-Ruiz, also known as Hill

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: April 10, 2013
Filed: July 22, 2013 (Corrected: 07/25/13)

_____

Before WOLLMAN, BEAM, and MURPHY, Circuit Judges.

_____

BEAM, Circuit Judge.

Gilberto Lara-Ruiz appeals his sentence. Having jurisdiction under 28 U.S.C. § 1291, we remand to the district court for resentencing.

## I.    BACKGROUND

On October 10, 2012, pursuant to <u>United States v. Lara-Ruiz</u>, 681 F.3d 914 (8th Cir. 2012) (<u>Lara-Ruiz II</u>),[1] the district court resentenced Lara-Ruiz on count 15. Count 15 of the indictment reads:

> That on or about November 18, 2006, in the Western District of Missouri, Gilberto Lara-Ruiz, a/k/a "Hill", defendant herein, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, those crimes set out in Counts One and Three through Nine of this indictment, all allegations of which are incorporated herein by reference, used and discharged a firearm, to wit: a loaded handgun, all contrary to the provisions of Title 18, United States Code, Section 924(c)(1)(A)(iii).

After the trial, the jury found Lara-Ruiz "guilty of the crime of use of a firearm during and in relation to a drug trafficking crime."[2]  At resentencing, the court determined that the 18 U.S.C. § 924(c)(1)(A)(ii) seven-year mandatory minimum for brandishing a firearm applied as a result of testimony that Lara-Ruiz hit Heather Bledsoe with a gun in his hand and then used the gun to shoot her car.  The court reasoned that these two acts occurred contemporaneously because Lara-Ruiz's purpose was to "intimidate and facilitate getting his drug money" from the woman.  Based upon this, the court then found that the Guidelines range called for seven years to life in prison, using the mandatory minimum required under § 924(c)(1)(A)(ii).   After considering the 18 U.S.C. § 3553(a) sentencing factors, the district court sentenced Lara-Ruiz to 300 months' imprisonment, to be served consecutively to a sentence already imposed in a previous case, <u>United States v. Lara-Ruiz</u>, No. 07-04002-01-CR-C-SOW (W.D. Mo.

---

[1]For a more detailed description of the factual background, see <u>Lara-Ruiz II</u>.

[2]This verdict requires that the court apply a five-year mandatory minimum pursuant to 18 U.S.C. § 924(c)(1)(A)(i).

imposed Feb. 5, 2008) (Lara-Ruiz I).  Upon prompting by the government, the sentencing court was sure to note that had the court found that the five-year mandatory minimum applied, rather than the seven-year mandatory minimum, it would have exercised the same discretion in analyzing the § 3553(a) factors to sentence Lara-Ruiz to the same 300-month sentence.

Lara-Ruiz now appeals his sentence, raising numerous issues regarding the procedural and substantive reasonableness of his sentence.  Lara-Ruiz also asserts that the amended judgment is unconstitutionally ambiguous.  Given the recent holding of the United States Supreme Court in Alleyne v. United States, 133 S. Ct. 2151 (2013), we remand this case for resentencing.

## II.    DISCUSSION

While this case was pending before us on appeal, the Court in Alleyne, overruled Harris v. United States, 536 U.S. 545 (2002), and concluded that:

> [a]ny fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt. Mandatory minimum sentences increase the penalty for a crime.  It follows, then, that any fact that increases the mandatory minimum is an "element" that must be submitted to the jury.

133 S. Ct. at 2155 (citation omitted).  Thus, we must determine whether the holding in Alleyne requires that we remand this case for resentencing as inconsistent with the jury's verdict.  See id. at 2164.

In Alleyne, the Court addressed Allen Ryan Alleyne's conviction.  The jury verdict indicated that Alleyne had "used or carried a firearm during and in relation to a crime of violence, but did not indicate a finding that the firearm was brandished." Id. at 2156 (alterations and internal quotations omitted).  Alleyne's presentence report

recommend a seven-year minimum sentence on the § 924(c) count for brandishing a firearm, in accordance with § 924(c)(1)(A)(ii). Id. And, the district court sentenced Alleyne to seven years' imprisonment, despite his objection that "raising his mandatory minimum sentence based on a sentencing judge's finding that he brandished a firearm" violated his Sixth Amendment right to a jury trial. Id. The Fourth Circuit affirmed, noting that Alleyne's argument was foreclosed by Harris. Id. The Supreme Court ultimately overruled Harris, noting it could not be reconciled with Apprendi v. New Jersey, 530 U.S. 466 (2000). Id. at 2158. In doing so, the Court recognized that Apprendi both "concluded that any 'facts that increase the prescribed range of penalties to which a criminal defendant is exposed' are elements of the crime" and held that the "Sixth Amendment provides defendants with the right to have a jury find those facts beyond a reasonable doubt." Id. at 2160. Because a fact triggering a mandatory minimum impacts the prescribed sentencing range, it follows, then, that a "fact increasing either end of the [sentencing] range produces a new penalty and constitutes an ingredient of the offense." Id. Facts that increase the legally prescribed floor, "*aggravate*" the punishment, and as the Court opined, these facts must therefore be submitted to the jury and found beyond a reasonable doubt, in accordance with the Sixth Amendment. Id. at 2161.

Rule 52 of the Federal Rules of Criminal Procedure provides for harmless error and plain error review by an appellate court. Fed. R. Crim. P. 52. The Court in Alleyne did not state that either plain error or harmless error should be applied by reviewing courts. See 133 S. Ct. 2151. The Supreme Court, however, has recognized that "most constitutional errors can be harmless," unless the error is a "structural" error that warrants automatic reversal. Neder v. United States, 527 U.S. 1, 8 (1999) (quotation omitted). Structural error appears in only a very limited class of cases. Id. (citing the limited cases in which the Court has recognized a structural error). This circuit has held that Apprendi errors do not create structural error that would require per se reversal. United States v. Anderson, 236 F.3d 427, 429 (8th Cir. 2001) (per curiam). Given this background, and considering that Alleyne was decided to

-4-

reconcile statutory minimums with the Court's reasoning in <u>Apprendi</u>, <u>see</u> <u>Alleyne</u>, 133 S. Ct. at 2158, it follows that review pursuant to Rule 52's standards should be applied to this case.

The government urges us to apply plain error review, alleging that Lara-Ruiz did not preserve the particular error contemplated in <u>Alleyne</u> at his initial sentencing. At resentencing, however, the government, raised the fact that <u>Alleyne</u> was pending before the Supreme Court. But, Lara-Ruiz's counsel did not brief this issue in his resentencing memorandum, nor did he specifically advocate at resentencing that a seven-year mandatory minimum could not be imposed given the jury's findings.[3]  In fact, when the sentencing judge referenced the case pending before the Supreme Court, Lara-Ruiz's counsel stated "we stand on that argument, Judge," seemingly indicating that Lara-Ruiz was only half heartedly, if at all, articulating an <u>Alleyne</u>-type argument at resentencing. Thus, we apply plain error review.  <u>See</u> <u>United States v. Maynie</u>, 257 F.3d 908, 918 (8th Cir. 2001) (applying plain error to an <u>Apprendi</u>-error when <u>Apprendi</u> was announced between the time of defendants' trial and when we heard their appeal).

Before we grant relief on plain error review, there must be an "(1) 'error,' (2) that is 'plain,' and (3) that 'affects substantial rights.'"  <u>Johnson v. United States</u>, 520 U.S. 461, 467 (1997) (alteration omitted) (quoting <u>United States v. Olano</u>, 507 U.S. 725, 732 (1993)).  Once all three conditions are met, we may only reverse if the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." <u>Id.</u> (alteration and quotations omitted).

---

[3]We recognize that at resentencing and on appeal, Lara-Ruiz did challenge the court's factual findings, but specifically challenged whether Lara-Ruiz discharged the firearm, contending that such a finding required the district court to make credibility determinations.  Lara-Ruiz does not challenge the evidence supporting the court's factual finding of brandishing the firearm, and at resentencing Lara-Ruiz acknowledged that  evidence in the record supported the court's finding.

Given the new <u>Alleyne</u> precedent, it is clear that there was an error in the proceedings below and the error is plain. <u>See</u> <u>id.</u> at 467-68 ("a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases . . . pending on direct review . . . , with no exception for cases in which the new rule constitutes a clear break with the past" and "it is enough that an error be 'plain' at the time of appellate consideration" (alterations in original) (internal quotations omitted). Here, similar to <u>Alleyne</u>, the jury verdict indicated that the jury deemed Lara-Ruiz guilty of "the crime of use of a firearm during and in relation to a drug trafficking crime," but, the jury verdict did not include a finding that the firearm was brandished. The jury instructions indicated to the jury that they could find "that a firearm was used . . . if [the jury found] that it was brandished, displayed, used to strike someone or fired," thus, leaving open the option that the jury could find that the firearm was brandished. However, the jury verdict form given to the jury as part of its instructions specified no particular need for such a finding and none was found. At resentencing, the court acknowledged that it made the necessary brandishing finding. Thus, because the jury did not find the brandishing, under <u>Alleyne</u>, the imposition of the seven-year mandatory minimum as permitted only by § 924(c)(1)(A)(ii), violated Lara-Ruiz's Sixth Amendment rights. 133 S. Ct. at 2162-63.

Looking to the third plain error factor, "[a] defendant's rights are substantially affected when the error prejudicially influenced the outcome of the district court proceedings." <u>Maynie</u>, 257 F.3d at 919 (internal quotation omitted). Lara-Ruiz's rights were substantially affected because he was sentenced for a statutory crime different from that which the jury found him guilty. The Court in <u>Alleyne</u> pointed out that "because the fact of brandishing aggravates the legally prescribed range of allowable sentences, it constitutes an element of a separate, aggravated offense that must be found by the jury, regardless of what sentence the defendant *might* have received if a different range had been applicable." <u>Alleyne</u>, 133 S. Ct. at 2162. The Court went on to explain that if the "judge were to find a fact that increased the statutory maximum sentence, such a finding would violate the Sixth Amendment,

-6-

even if the defendant ultimately received a sentence falling within the original sentencing range." Id. Here, however, the sentencing court expressly stated that even if the five-year mandatory minimum was applied, the court would have weighed the § 3553(a) factors in a similar manner and the ultimate sentence would be the same. Regardless of this statement, Lara-Ruiz was, as earlier noted, sentenced for a crime which he did not commit according to the jury. As a result, the court used a sentencing range that was not applicable to the crime of conviction. As Justice Thomas, writing for the majority, insisted, such an increase "aggravate[s] the punishment" and "[e]levating the low-end of a sentencing range heightens the loss of liberty associated with the crime." Id. at 2161. By elevating the low-end of the sentencing range, "the defendant's expected punishment has increased as a result of the narrowed range and the prosecution is empowered, by invoking the mandatory minimum, to require the judge to impose a higher punishment than he might wish." Id. (internal quotations omitted). Accordingly, Lara-Ruiz's rights were substantially affected by the court's sentence.

Finally, having establishing all three conditions within our plain error review, we likewise find that this error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Johnson, 520 U.S. at 467 (alteration and quotations omitted). Given the language of the Supreme Court's opinion in Alleyne, the fairness and integrity of the judicial proceedings in this case were affected by the expansion of Lara-Ruiz's loss of liberty resulting from the erroneous increase in the mandatory minimum sentence, without the requisite jury finding.

Our conclusion in Maynie controls our reasoning here. See 257 F.3d at 920-21. In Maynie, we remanded a case for resentencing where the drug quantity was not alleged in the indictment or submitted to the jury, but was nonetheless used to increase the penalty for the crime of conviction, in violation of Apprendi. Id. at 918-21. We determined that the case involved "the government's failure to charge an element of the offense in the indictment, and the district court's imposition of a sentence which

both exceed[ed] the crime charged by the government *and* exceed[ed] the punishment authorized for the offense of conviction," distinguishing it from Johnson.[4]  Id. at 920. Thus, we concluded in Maynie that because of Apprendi's mandate that "a judge lacks the authority to sentence a defendant to an uncharged crime," the error was one that "affects both the fairness and integrity of these judicial proceedings and falls beyond that category of errors which are not cognizable on plain error review."  Id. at 921.

Here, as in Maynie, Lara-Ruiz was not charged with brandishing a firearm although concededly Harris, at the time, made this error less cognizable.  Rather, the indictment simply charged him with use and discharge under 18 U.S.C. § 924(c)(1)(A)(iii).  And, the jury convicted Lara-Ruiz of using a firearm during and in relation to a drug trafficking crime.  Nothing more.  So, as earlier noted, neither the indictment nor the jury verdict referenced brandishing a firearm.  See Maynie, 257 F.3d at 920-21 ("Unless we recognize and correct the error during this direct appeal, we will have permitted the government to imprison the defendants for a crime for which they have not received the notice and grand jury protections to which they were entitled under the Fifth and Sixth Amendments.").  We recognize that the indicted crime, 18 U.S.C. § 924(c)(1)(A)(iii), carried a greater mandatory minimum giving Lara-Ruiz notice of the potential punishment, but given the holding in Alleyne, that "facts that increase the mandatory minimum sentences . . . must be submitted to the jury," we find plain error and remand this case for resentencing.  133 S. Ct. at 2158.

Also in this appeal, Lara-Ruiz advances multiple arguments addressing the procedural and substantive reasonableness of his imposed sentence and challenges

---

[4]In Johnson, the Supreme Court concluded that plain error did not require reversal where the sentencing judge in a perjury case mistakenly concluded that the "materiality" of the statement was an issue for the judge, rather than the jury.  520 U.S. at 463-64, 470.  The court held that the error did not affect the fairness, integrity or public reputation of the judicial proceedings because the evidence supporting materiality was overwhelming and uncontroverted at trial.  Id. at 470.

the district court's amendment of the judgment, pursuant to Federal Rule of Criminal Procedure 36. Because Lara-Ruiz must be resentenced in accordance with the jury's verdict, we need not address those arguments here.

## III.    CONCLUSION

For these reasons we remand this case for resentencing consistent with the jury's verdict, this opinion and the Court's holding in Alleyne.

WOLLMAN, Judge, concurring and dissenting.

I agree that in light of the holding in Alleyne, the district court committed plain error in finding that Lara-Ruiz had brandished the firearm. As the majority opinion points out, however, the district court expressly stated that the ultimate sentence would be the same even if it had determined that only the five-year mandatory minimum applied. Accordingly, I would affirm the sentence under the harmless error doctrine. See, e.g., U.S. v. Grimes,702 F.3d 464, 470 (8th Cir. 2012); U.S. v. Miller, 557 F.3d 910, 916-17 (8th Cir. 2009); and U.S. v. Pirani, 406 F.3d 543, 552-53 (8th Cir. 2005) (en banc).

If on remand the district court imposes a lesser sentence, I will be quick to acknowledge my error in not concurring fully in the majority opinion.

_____