*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 13a0277p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

UNITED STATES OF AMERICA,

           *Plaintiff-Appellee*,

    *v.*

      No. 12-3810

STEVEN MCCLOUD,

           *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Ohio at Cincinnati.
No. 1:08-cr-00130-1—S. Arthur Spiegel, District Judge.

Decided and Filed: September 17, 2013

Before: ROGERS and KETHLEDGE, Circuit Judges; BORMAN, District Judge.[*]

_____

## COUNSEL

**ON BRIEF:** Kevin M. Schad, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Cincinnati, Ohio, for Appellant. Benjamin C. Glassman, UNITED STATES ATTORNEY'S OFFICE, Cincinnati, Ohio, for Appellee.

    ROGERS, J., delivered the opinion of the court, in which KETHLEDGE, J., joined, and BORMAN, D.J., joined in part. KETHLEDGE, J. (pg. 9), delivered a separate concurring opinion. BORMAN, D. J. (pp. 10–28), delivered a separate opinion concurring in part and dissenting in part.

---

[*] The Honorable Paul D. Borman, United States District Judge for the Eastern District of Michigan, sitting by designation.

———————————

**OPINION**

———————————

ROGERS, Circuit Judge.  Steven McCloud challenges his 140-month sentence, claiming among other things that the district court considered the wrong statutory range. McCloud pled guilty to distributing 19.4 grams of crack cocaine, was released on bond, and subsequently failed to appear for sentencing.  After evading law enforcement for over three years, McCloud was captured and sentenced to 140 months of imprisonment and four years of supervised release.  Between McCloud's plea and sentencing, Congress enacted the Fair Sentencing Act of 2010 (FSA), which reduced the statutory sentencing range applicable to McCloud from 5–40 years to 0–20 years.  McCloud's Guidelines range of 140–175 months was entirely within both the incorrect (5–40 years) and correct (0–20 years) statutory ranges, and McCloud's counsel failed to object at sentencing. Although the district court erred in using the pre-FSA statutory range, that error did not affect McCloud's substantial rights because it is highly unlikely that a properly calculated statutory range with no effect on the Guidelines range would have changed the district court's imposition of a within-Guidelines sentence.  The district court therefore did not commit plain error.  McCloud's other arguments are also without merit.

McCloud was charged in federal district court with three counts of distributing cocaine base (crack cocaine), in violation of 21 U.S.C. § 841, on December 3, 2008.  On December 9, McCloud entered into a plea agreement under which he pled guilty to one count of the indictment in exchange for dismissal of the other counts.   McCloud was released on bond pending sentencing, but he failed to appear at his hearing and remained at large for over three years.  McCloud was eventually arrested and appeared for sentencing on June 21, 2012.

At sentencing, McCloud requested a reduction under United States Sentencing Guidelines (U.S.S.G.) § 3E1.1 for acceptance of responsibility. The district court denied this request, noting that such a reduction was incompatible with the obstruction-of-justice enhancement that the court was applying under U.S.S.G. § 3C1.1, based on

McCloud's three-year effort to evade sentencing. The district court determined the applicable Guidelines range to be 140–175 months, and adopted in full the Presentence Report, which listed the applicable statutory range as 5–40 years. The district court then imposed a sentence of 140 months, at the low end of McCloud's Guidelines range, to be followed by a four-year term of supervised release. McCloud now appeals his sentence.

Although the district court erred in adopting the Presentence Report, which listed an incorrect statutory range of 5–40 years, that error did not affect McCloud's substantial rights. McCloud argues that he must be resentenced because the district court used an incorrect statutory sentencing range. Because McCloud failed to object to the statutory range below, this claim is reviewed only for plain error affecting McCloud's substantial rights. *See United States v. Blackwell*, 459 F.3d 739, 771 (6th Cir. 2006). When McCloud pled guilty in 2008, the applicable statutory range was 5–40 years. However, passage of the FSA in 2010 reduced the applicable statutory range to 0–20 years, and although McCloud pled guilty in 2008, since he had not been sentenced when the FSA was enacted, the FSA applied retroactively to him. *See Dorsey v. United States*, 132 S. Ct. 2321, 2335 (2012). Therefore, the district court erred when it adopted in full the Presentence Report listing the pre-FSA statutory sentencing range.

While the district court committed procedural error, that error did not affect McCloud's substantial rights, and resentencing is therefore not required on this ground. The record makes clear that the district court did not rely on the statutory sentencing range in arriving at a sentence of 140 months of imprisonment. Although the FSA removed the five-year minimum sentence, and reduced the maximum sentence from forty to twenty years for someone convicted of distributing more than five grams of crack cocaine, there is no indication in the record suggesting that the district court would have imposed a lower sentence based on the post-FSA statutory range. The record indicates, instead, that the district court's sentence was driven by McCloud's Guidelines range, which was enhanced by McCloud's decision to obstruct justice and avoid sentencing for over three years. The district court imposed a sentence at the low end of the correct Guidelines range, which range was in turn entirely within both the incorrect

and correct statutory ranges. Because the district court did not commit plain error, resentencing is not required.

Although a district court's incorrect calculation of the applicable *Guidelines* range typically amounts to plain error, the same is not true for the applicable statutory range. This court has made clear that "[a] sentencing court commits procedural error by failing to calculate (or improperly calculating) the Guidelines range." *United States v. Rosenbaum*, 585 F.3d 259, 266 (6th Cir. 2009). Failure to apply the correct Guidelines range generally constitutes plain error. *See United States v. Story*, 503 F.3d 436, 441 (6th Cir. 2007); *see also United States v. Batista*, 415 F. App'x 601, 607 (6th Cir. 2011). However, McCloud cites no cases that support his position that a district court commits plain error by imposing a sentence falling within the applicable statutory range despite citing the wrong statutory range. Unlike the Guidelines, which are designed to guide the district court toward an appropriate sentence based on the defendant's criminal history and the factual circumstances of the instant offense, the statutory range only delineates the outer bounds of the district court's discretion in imposing a penalty. McCloud therefore fails to draw a persuasive analogy between a wrongly calculated Guidelines range and an incorrect statutory range, and his position finds no support in the case law of this circuit.

An incorrect Guidelines range presents a distinct and more serious procedural error than an incorrect statutory range because of the process that district courts must use to arrive at a sentencing decision. The Supreme Court has made clear that "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 552 U.S. 38, 49 (2007). In our view, having reviewed innumerable sentencing transcripts, district judges do not arrive at a sentence within the statutory limitations and then consider whether that sentence falls within the Guidelines range. Instead, district judges calculate the Guidelines range first, then consider the factors in 18 U.S.C. § 3553 to see if a variance is appropriate. *See Gall*, 552 U.S. at 49–50. The statutory range serves only to limit the extent of a potential variance from the Guidelines range. While an incorrect calculation of the Guidelines

range would therefore seriously affect the sentence a defendant received, an incorrect statutory range would likely not, at least in a case where the properly-calculated Guidelines range was well within the correct statutory range. Remand, in short, would be a useless exercise.

The plain error standard of review supports our conclusion that resentencing is not required in this case. In a recent sentencing decision governed by the FSA, we remanded for resentencing after determining that the district court failed to properly advise the defendant of the correct post-FSA statutory range at the time of his plea. *See United States v. Hogg*, __ F.3d __, 2013 U.S. App. LEXIS 15206 (6th Cir. 2013). *Hogg* is distinguishable, however, because the defendant raised his claim before the district court, and we therefore reviewed his claim under the less stringent harmless error standard. We indicated, however, that "a defendant surrenders the comparative benefit of harmless error review, and instead must satisfy the more demanding plain error standard, if he fails to timely object to a claimed Rule 11 violation." *Id.* at \*16. McCloud's claim must be reviewed for plain error because it was not raised below. McCloud did not meet his burden of establishing that the district court's error affected his substantial rights, and that the error seriously affected the fairness, integrity or public reputation of judicial proceedings. *See United States v. Vonn*, 535 U.S. 55, 62-63 (2002).

McCloud also cannot derive support from the Supreme Court's recent decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). In *Alleyne*, the error in the calculation of the sentence clearly affected the sentence. For the count in question, Alleyne had been sentenced to the very seven-year statutory minimum that the Supreme Court held was not applicable. *See id*. at 2163. *Alleyne* in short holds nothing about the relief required when an incorrect calculation of statutory range appears to make no difference.

We recognize that the Eighth Circuit recently held that it was plain error for a district court to impose a sentence based on a seven-year mandatory minimum when the fact triggering that minimum—that the defendant brandished a gun while committing the

offense—was never found by the jury. *United States v. Lara-Ruiz*, __F.3d__, 2013 U.S. App. LEXIS 14760, at *8 (8th Cir. 2013).   The Eighth Circuit reasoned as follows, relying in part on the Sixth Amendment analysis in *Alleyne*:

> Lara-Ruiz's rights were substantially affected because he was sentenced for a statutory crime different from that which the jury found him guilty. The Court in *Alleyne* pointed out that "because the fact of brandishing aggravates the legally prescribed range of allowable sentences, it constitutes an element of a separate, aggravated offense that must be found by the jury, regardless of what sentence the defendant *might* have received if a different range had been applicable." *Alleyne*, 133 S. Ct. at 2162.  The Court went on to explain that if the "judge were to find a fact that increased the statutory maximum sentence, such a finding would violate the Sixth Amendment, even if the defendant ultimately received a sentence falling within the original sentencing range." *Id.*  Here, however, the sentencing court expressly stated that even if the five-year mandatory minimum was applied, the court would have weighed the § 3553(a) factors in a similar manner and the ultimate sentence would be the same.  Regardless of this statement, Lara-Ruiz was, as earlier noted, sentenced for a crime which he did not commit according to the jury.  As a result, the court used a sentencing range that was not applicable to the crime of conviction. As Justice Thomas, writing for the majority, insisted, such an increase "aggravate[s] the punishment" and "[e]levating the low-end of a sentencing range heightens the loss of liberty associated with the crime." *Id.* at 2161.  By elevating the low-end of the sentencing range, "the defendant's expected punishment has increased as a result of the narrowed range and the prosecution is empowered, by invoking the mandatory minimum, to require the judge to impose a higher punishment than he might wish." *Id.* (internal quotations omitted).  Accordingly, Lara-Ruiz's rights were substantially affected by the court's sentence.

2013 U.S. App. LEXIS 14760, at *9-*10.

This analysis does not apply in McCloud's case for two reasons.  First, the discussion in *Alleyne* to the effect that brandishing is an element rather than a sentencing factor was for purposes of the Court's Sixth Amendment analysis; it did not mean that Alleyne's *conviction* had to be reversed.  Instead, the Supreme Court remanded for resentencing "consistent with the jury's verdict." *See Alleyne*, 133 S.Ct. at 2164.  This permits the possibility—unlikely in *Alleyne* but highly likely in *Lara-Ruiz*—that the same sentence might properly be entered.  Where the Sixth Amendment error had no

effect on the sentence, as indicated in the facts of *Lara-Ruiz* because of the district court's alternative ruling, it would appear, with respect, that the Eighth Circuit should have affirmed. Indeed, in our circuit, a clear enough statement of what the district court would have done if it was wrong in its Sixth Amendment analysis permits a harmless error finding. *See, e.g.*, *United States v. Katzopoulos*, 437 F.3d 569, 577 (6th Cir. 2006) (collecting cases).

Second, even if the Eighth Circuit was correct in finding plain error because of the fundamental nature of Sixth Amendment protections, that also distinguishes *Lara-Ruiz* and *Alleyne* from this case. There is no Sixth Amendment error here at all. This is not a Sixth Amendment case but a case involving a statutory change in the range of punishment for a particular set of facts. It was the law that changed, not whether a jury had to find a certain fact. All the relevant facts, both before and after the FSA applied, were properly determined. Thus even if *Lara-Ruiz* was correctly decided, there was no plain error in McCloud's case with respect to the erroneously determined statutory sentencing range.

McCloud's other arguments are also without merit. The district court did not commit procedural error by denying McCloud a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. In reviewing the district court's application of the sentencing guidelines, this court reviews the district court's legal conclusions *de novo* and its factual findings for clear error. *See United States v. Genschow*, 645 F.3d 803, 813 (6th Cir. 2011). The district court's decision to deny an acceptance-of-responsibility reduction is "entitled to great deference on review." *Id.* The district court enhanced McCloud's Guidelines range for obstruction of justice under U.S.S.G. § 3C1.1 because McCloud failed to appear for sentencing and evaded law enforcement for over three years. The district court also noted that a reduction under § 3E1.1 was incompatible with McCloud's conduct because McCloud had clearly not accepted responsibility in deciding to run away and avoid sentencing. There is no clear error in the district court's conclusions and McCloud's argument is without merit.

The district court also did not commit plain error when it incorrectly told McCloud that the maximum term of supervised release he faced was two years. Because McCloud failed to raise this claim below, this court reviews it only for plain error affecting McCloud's substantial rights. *See Blackwell*, 459 F.3d at 771. At the plea hearing on December 9, 2008, the district court incorrectly told McCloud that he faced a two-year period of supervised release. However, the district court's isolated misstatement had no impact on McCloud's substantial rights. There is no indication that this statement induced McCloud to enter into a plea agreement, and the record indicates that the district court had properly advised McCloud that he faced a four-year maximum term of supervised release shortly before its misstatement. McCloud has not met his burden of showing that there is a reasonable probability that, but for this error, he would not have entered a plea agreement. *See United States v. Williams*, 899 F.2d 1526, 1531 (6th Cir. 1990). McCloud's arguments to the contrary are meritless.

The district court's sentence was substantively reasonable. McCloud's argument that the district court abused its discretion by imposing a 140-month sentence, at the low end of the applicable Guidelines range, is meritless. McCloud has not overcome the presumption of reasonableness applied to a within-Guidelines sentence under *Gall v. United States*, 552 U.S. 38, 51 (2007).

The district court's judgment is affirmed.

---

**CONCURRENCE**

---

KETHLEDGE, Circuit Judge, concurring.  I join the court's opinion with the understanding that it does not preclude a later panel from deciding that a district court's miscalculation of a defendant's statutory sentencing range is procedural error.  But McCloud did not object to the miscalculation here, which means that he must show that the court's mistake was not merely procedural error, but plain error.  To demonstrate plain error, McCloud must make "'a specific showing'" that the court's mistake actually "'affected the outcome of the district court proceedings.'"  *United States v. Keller*, 665 F.3d 711, 714 (6th Cir. 2011) (quoting *United States v. Olano*, 507 U.S. 725, 734–35 (1993)).  For the reasons explained in the court's opinion, McCloud has not made that showing.

---

**CONCURRING IN PART AND DISSENTING IN PART**

---

PAUL D. BORMAN, District Judge, Concurring in Part, Dissenting in Part. Because Defendant McCloud's sentencing was infused with significant prejudicial error that affected the fairness and integrity of that proceeding, this case should be remanded for resentencing. Accordingly, I respectfully dissent. As to the other issues before the Court, I concur with the majority opinion.

On December 9, 2008, Defendant Steven McCloud pleaded guilty to one count of a three-count indictment, pursuant to a Plea Agreement under Federal Rule of Criminal Procedure 11, charging violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii) and 18 U.S.C. § 2. Count I, the plea count, charged conduct related to McCloud's October 21, 2008 distribution/sale of 19.4 grams of crack cocaine to an undercover agent. The Plea Agreement called for dismissal at sentencing of the other two counts, which involved subsequent sales of crack cocaine to an undercover agent. At the time McCloud entered his plea he faced a statutory mandatory minimum sentence of 5 years/60 months, and a statutory maximum sentence of 40 years/480 months.

Released on bail to facilitate his promised post-plea cooperation with the government, Defendant fled, and remained a fugitive until his arrest more than three years later in February, 2012. By that time Congress had enacted the Fair Sentencing Act of 2010, which benefitted McCloud by eliminating the 5 year mandatory minimum, and by reducing the maximum sentence by 50% to 20 years, thereby reducing McCloud's statutory sentencing range to 0-20 years.

On June 21, 2012, McCloud was sentenced to 140 months imprisonment, the bottom of the applicable advisory Sentencing Guidelines range of 140-175 months, 4 years of supervised release, a $1500 fine and a $100 assessment. In calculating McCloud's sentence, the sentencing judge applied the erroneous 5-40 year statutory range, rather than the applicable statutory sentencing range of 0-20 years. The lower

statutory sentencing range did not change the 140-175 months advisory Sentencing Guidelines range.

McCloud now appeals *inter alia*,  his sentence, arguing that the case should be remanded for resentencing because the district court did not apply the applicable lower statutory sentencing range in calculating and imposing his sentence.

I.

On December 9, 2008, McCloud pleaded guilty to Count I of the indictment and was informed by the Judge that this crack cocaine offense required a mandatory minimum sentence of five years imprisonment, with a maximum sentence of 40 years, up to $2 million in fines, at least four years of supervised release, and a $100 assessment. McCloud was informed that the final Guidelines range applicable to his crime would be determined at his sentencing after a Presentence Report (PSR) had been prepared by a probation officer, submitted to the parties for objections, and then submitted to the district court which had the discretion to sentence him outside the 140-175 Guidelines range.  McCloud failed to appear at the scheduled sentencing and remained a fugitive for three years until February, 2012, when he was apprehended by United States Marshals and incarcerated.

McCloud was sentenced on June 21, 2012.  Between the time of McCloud's 2008 guilty plea and his 2012 sentencing, Congress had enacted the Fair Sentencing Act of 2012 ("FSA"), which applied to his 2012 sentencing and reduced his statutory imprisonment range from 5-40 years to 0-20 years.  The district court denied McCloud's sole objection to the PSR, that requested a three point downward adjustment under the Sentencing Guidelines for acceptance of responsibility.  The district court also imposed a two point upward Guidelines adjustment for obstruction of justice.   The PSR established a Sentencing Guidelines base offense level of 26, noting specifically that: "The defendant is accountable for 82 grams of crack cocaine which is the total of three drug transactions between October and November 2008.  Pursuant to U.S.S.G. 2D1.1, offenses involving between 28 grams to 112 grams of cocaine base establish a base offense level of 26."  (PSR at 7, ¶ 28.)

In setting forth the Judge's Sentencing Options, the PSR stated:

**Statutory Provisions:** The term of imprisonment is a mandatory minimum of 5 years and a maximum of 40 years, pursuant to 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii).

**Guideline Provisions:** Based on an offense level of 28 and a criminal history category of VI, the guideline imprisonment range is 140 to 175 months.

PSR at 26, ¶¶ 113, 114. Thus, the PSR's statement of Statutory Provisions applicable to McCloud's sentencing was erroneous, because the FSA had created a lower statutory imprisonment range – no mandatory minimum, and a maximum of 20 years, pursuant to 21 U.S.C. § 841(b)(1)(C).

The district court sentenced McCloud at the bottom of his applicable Guidelines range, to 140 months imprisonment, and then invited the parties to raise any objections to the sentence not previously discussed: there were none. The Assistant U.S. Attorney then dismissed Counts II and III of the Indictment. In signing the Judgment and Commitment Order (J&C), and its confidential supplemental Statement of Reasons (SOR) later that day, the district judge carried forward the PSR's error, by affirming that he had applied the statutory provision containing the 5-40 sentencing range, and specifically, that he had applied the mandatory minimum sentence. The Defendant timely filed this direct appeal.

This Court has jurisdiction to review Defendant's appeal of his sentence under 18 U.S.C. § 3742. The parties agree that Defendant's failure to object to the Judge's application of the incorrect statutory sentencing range limits this Court's review to one of plain error. *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc).

II.

The district court committed plain error in sentencing McCloud pursuant to the wrong statutory range, thereby resulting in a procedurally unreasonable sentence that affected McCloud's substantial rights and affected the fairness and integrity of the sentencing proceeding. McCloud's argument on appeal asserts:

McCloud first submits that his sentencing must be voided, as the
sentencing court erroneously utilized a 5 to 40 year statutory range in
determining the appropriate sentence in this case.

(Appellant's Br. at 7.)

Because this claim is subject to plain error review, McCloud must show "(1)
error (2) that was obvious or clear, (3) that affected defendant's substantial rights and
(4) that affected the fairness, integrity, or public reputation of the judicial proceedings."
*Vonner*, 516 F.3d at 386 (internal citations and quotation marks omitted). "'[O]nly in
exceptional circumstances' will we find such error - only, we have said, 'where the error
is so plain that the trial judge . . . [was] derelict in countenancing it.'" *Id.* (quoting
*United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir. 2006)) (alterations in original).
In this case the error was so plain that the sentencing judge as well as the probation
officer, the Assistant United States Attorney and Defendant's attorney, were "derelict
in countenancing it."

The parties agree that, because McCloud's sentencing took place on June 21,
2012, after the August 3, 2010 enactment of the FSA, the more lenient penalties of the
FSA applied: a statutory range of 0-20 years incarceration.[1]

McCloud argues that the district court erred procedurally in failing to apply the
appropriate statutory sentencing range by utilizing the pre-FSA statutory range of 5-40
years, rather than the correct range of 0-20 years. He asserts that although the district
judge sentenced him to 140 months incarceration, the bottom of the applicable
Sentencing Guidelines range of 140-175 months, he did so with the erroneous

---

[1]As the Supreme Court noted in *Dorsey v. United States*, 132 S. Ct. 2321 (2012):

> The Act increased the drug amounts triggering mandatory minimums
> for crack trafficking offenses from 5 grams to 28 grams in respect to
> the 5-year minimum and from 50 grams to 280 grams in respect to the
> 10-year minimum (while leaving powder at 500 grams and 5,000
> grams respectively). §2(a), 124 Stat. 2372. The change had the effect
> of lowering the 100-to-1 crack-to-powder ratio to 18-to-1.

132 S.Ct. at 2329. The Fair Sentencing Act took effect on August 3, 2010. *Dorsey*, which was handed
down on June 21, 2012, the day of McCloud's sentencing, applied the FSA retroactively to offenders
sentenced after August 3, 2010.

understanding that the applicable statutory sentencing range was 5-40 years, i.e. that he must impose a five year mandatory minimum, and that he could sentence up to a forty year maximum.

The district judge's erroneous understanding was established, initially, by erroneous sentencing information provided to him on multiple pages of the PSR. The PSR erroneously stated on its cover sheet that McCloud was subject to a penalty of "Mandatory Minimum 5-40 years imprisonment." The PSR further stated at Part D, Sentencing Options, "*Custody*, Statutory Provisions: The term of imprisonment is a mandatory minimum of 5 years and a maximum of 40 years." Finally, the PSR's Sentencing Recommendation to the district judge stated, erroneously, that the Statutory Provision regarding custody was 5-40 years.

The district judge also was misled by the Assistant United States Attorney's Sentencing Memorandum, that stated in its Conclusion: "The maximum possible prison term for this crime is forty (40) years." (R. 41, Government Sentencing Memorandum 6.)

At the sentencing hearing, neither the probation officer, nor the A.U.S.A., nor the defense counsel corrected the Judge when he endorsed the erroneous statutory range, on the record, stating that "a violation of 21 U.S. Code Section . . . 841(a)(1), and 841(b)(1)(B)(ii) - (B)(iii)" [not less than 5 years and not more than 40 years] applied to this sentencing. (R. 53, Sent. Hr'g Tr. at 12-13, PgID# 116-17.)

After imposing the sentence, the district judge signed McCloud's Judgment and Commitment Order (J&C) which stated on Page 1 that he was adjudicated guilty of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii), [5-40 years]. The judge also signed the J&C's supplemental Statement of Reasons ("SOR"), a sealed attachment to the J&C, which stated on the cover page: "The Court adopts the presentence investigation report without change," (R. 45, Sealed Statement of Reasons at 1, ¶ IA, PgID# 87), and: "Court Finding on Mandatory Minimum Sentence . . . Mandatory minimum sentence imposed." (*Id.* ¶ IIB.) Critically, the district court "showed no awareness of its statutory constraints . . . ." *United States v. Love*, 289 F. App'x 889, 893 (6th Cir. 2008).

Supreme Court and Sixth Circuit precedent establish that a district court must correctly determine the advisory Guidelines range at a sentencing. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Anderson*, 526 F.3d 319, 329 (6th Cir. 2008) ("'[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range.'") (quoting *Gall*, 552 U.S. at 49). It follows, logically, that if a Guidelines sentencing range, which is merely advisory, must be correctly calculated, then the mandatory statutory sentencing range must be correctly determined and applied. This Court noted in *United States v. McElroy*, 362 F. App'x. 497 (6th Cir. 2010):

> Sentencing courts and appellate courts are bound by minimum sentences set by statute, and consideration of the substantive and procedural reasonableness of such sentences is not appropriate.

362 F. App'x at 499 (citing *United States v. Higgins*, 557 F.3d 381, 397-98 (6th Cir. 2009)). *Higgins* and *McElroy* were cited with approval in *United States v. Logan*, __F. App'x__, 2013 WL 3155861, at *2 (6th Cir. June 24, 2013) (recognizing that sentencing courts and appellate courts are bound by minimum sentences set by statute).

In *United States v. Tragas*, __F.3d__, 2013 WL 4483514 (6th Cir. Aug. 23, 2013) this Court remanded for resentencing because the district court improperly calculated the Defendant's sentence by using an incorrect version of the Sentencing Guidelines:

> Particularly where the error results in a sentencing range nearly 100 months higher than it would otherwise have been, we have no trouble finding that the elements of plain error are satisfied here.

*Tragas* 2013 WL 4483514, at *9. In this case, the district judge's error resulted in a statutory sentencing range 240 "months higher than it would otherwise have been," and also resulted in a statutory sentencing range minimum 60 months higher than it would otherwise have been. Accordingly, this Court, as in *Tragas*, should "have no trouble finding that the elements of plain error are satisfied here."

Since Sixth Circuit precedent requires remanding for resentencing when the district court sentences utilizing an erroneous advisory Guidelines, it should follow, *a*

*priori*, that there must also be a remand when an erroneous statutory sentencing range is applied in calculating a sentence.**2**

The Supreme Court has consistently affirmed that courts must apply statutes enacted by Congress. Statutory sentencing ranges trump the Guidelines; the Sentencing Commission "has no authority to override the statute as we have construed it." *Neal v. United States*, 116 S. Ct. 763, 768 (1996). Indeed, in taking the oath of office, each Federal Judge swears to uphold both the Constitution and laws of the United States. Statutory sentencing ranges are the laws of the United States. Here, the district judge did not follow/uphold the law of the United States.

Procedures applicable to Federal criminal cases require providing the Defendant with the applicable statutory minimum and the statutory maximum for each offense charged, from the initial arraignment where a defendant must acknowledge in writing that he was apprised of the criminal charges and sentence ranges, through the plea process, and, then requiring that the applicable statutory sentencing range be applied at the sentencing.

Federal Rule of Criminal Procedure Rule 11(b)(1), applicable to a guilty plea proceeding, requires that:

> [T]he court must inform the defendant of, and determine that the
> defendant understands, the following:
> (H) any maximum possible penalty . . . .
> (I) any mandatory minimum penalty.

---

**2**The absence of appellate cases dealing with application of an incorrect statutory sentencing range is not surprising. This is because the application of the proper statutory sentencing range is generally a "slam dunk." The correct range is set forth in the statute, set forth in the indictment/information, which range is then set forth in the court papers signed and acknowledged by the defendant on the record at his arraignment, then agreed to by the parties in the signed plea agreement, set forth in the plea transcript containing a voir dire of the defendant by the Judge, set forth again by the probation officer in the PSR to which the parties can object, and finally set forth by the district judge at the sentencing and in the J&C/SOR. This unusual case arises because between the time of the plea and the sentencing, Congress reduced the severity of the applicable statutory sentencing range, a very unusual event.

Thus, while the correct statutory range is set forth clearly on a single page, understanding and applying the Sentencing Guidelines is "rocket science." Determining the applicable Guidelines range requires calculation, recalculation, arguments before the probation officer, and then arguments and interpretations by the judge. Because the 500 plus page U.S. Sentencing Guidelines Manual is not an easy read or a quick study, there is an abundance of appellate cases remanded for resentencing due to incorrect calculations.

The PSR must include this information, as well.

F.R. Crim. P. 35(a) states: "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical or other clear error." In addition, legislatively enacted Title 18 U.S.C. §3553(a)(3) states that in determining the particular sentence to be imposed, the district judge "shall consider . . . (3) the kinds of sentences available." This necessarily includes the statutory minimum and maximum ranges. Indeed every presentence report begins by listing the statutory range of the offense of conviction, before proceeding to the Guidelines calculations.

This Court has observed that: "While our review of the district court's determination that the § 3553(a) factors justify the length of the particular sentence imposed is highly deferential, our inquiry into the procedures used by the district court in reaching such a conclusion is more searching." *United States v. Bolds*, 511 F.3d 568, 579 n. 4 (6th Cir. 2007). In the instant case, one need not search far to conclude that the district judge violated 18 U.S.C. § 3553(a)(3) when he endorsed and applied the erroneous statutory sentencing range of 5-40 years. These serious errors significantly impacted McCloud's sentencing:

1. The PSR provided to the judge and the parties applied the erroneous statutory 5-40 year sentencing range, and did so in three separate places.

First, on Page 1, the PSR states that Appellant was subject to a penalty of "Mandatory Minimum 5-40 years imprisonment."

Second, Page 26 of the PSR states in "Part D Sentencing Options . . . *Custody*, Statutory Provisions: The term of imprisonment is a mandatory minimum of 5 years and a maximum of 40 years, pursuant to 21 §§841(a)1 and (b)(1)(B)(iii)."

Third, the PSR's Sentencing Recommendation to the district judge states that the statutory provision regarding custody is 5-40 years.

2.   The Assistant United States Attorney's sentencing memorandum stated, erroneously, that McCloud's statutory sentencing range contained a 40 year maximum sentence: "The maximum possible prison term for this crime is Forty (40) years."

3.   The district judge at the sentencing hearing stated that the statutory provision containing the erroneous 5-40 year sentencing range applied.

4.   Defense counsel was ineffective in failing to argue for the correct statutory range at the sentencing, or within 14 days thereafter under Fed. R. Crim. P. 35.  His performance fell below any objective standard of reasonableness, and his poor performance prejudiced Defendant, because a reasonable probability exists that but for his poor performance, the outcome of the proceedings might well have been different. *See Strickland v. Washington*, 104 S.Ct. 2052, 2064 (1984); *Williams v. Anderson*, 460 F.3d 789, 800 (6th Cir. 2006).[3]

5.   The district judge's Statement of Reasons attached to his Judgment and Commitment Order, confirmed that he had applied the mandatory minimum sentence in sentencing McCloud, when none applied.

In sentencing McCloud, the district judge used the erroneous five year mandatory minimum sentence as the starting point in calculating a sentence, and built upon that non-existent 60 month minimum in imposing his 140 month sentence.  This error was obvious, clear, and as discussed below, so significant as to warrant a resentencing.  The sentencing judge's application of the 5 year mandatory minimum baseline created a significant risk of causing the judge to build upon that non-existent 60 month floor in imposing his 140 month sentence.  This affected McCloud's substantial rights, and clearly undermined the fairness and integrity of his sentencing proceeding.

Thus, although the district judge calculated the correct Sentencing Guidelines range, 140-175 months, and then sentenced at the 140 month bottom of the range, that

---

[3]Different counsel is representing Defendant on appeal.  Although ineffective assistance of defense counsel claims are raised in proceedings under 28 U.S.C. § 2255, the impact of trial counsel's performance is relevant to this appeal.

is not the end of this Court's analysis of whether the "perfect storm" of prejudicial errors committed by all of the parties at the sentencing proceeding, requires a remand for resentencing.

These legal points are incontrovertible: (1) The applicable statutory sentencing range is mandatory; the judge is bound to apply it as written; (2) The applicable Sentencing Guidelines range is advisory, the judge is required only to calculate it correctly, and consider it in sentencing. (3) The district judge is free to vary from that Guidelines range and sentence, above or below, as he thinks just, and is also required to sentence not greater than necessary to comply with the purposes set forth in 18 U.S.C. §3553(a)(2).

In this case, there is no question but that Defendant McCloud was deprived of the opportunity to receive a sentence of less than five years imprisonment. The district judge erroneously restricted himself, to considering a sentencing universe of five years to 40 years.[4] This substantially disadvantaged McCloud. Granting that McCloud would not likely have received a sentence of five years or less, the 5 year mandatory minimum, rather than a zero minimum, started the judge's sentencing calculations at 60 months, and carried his calculations up to a 480 maximum. That statutory range informs the sentencing judge, loud and clear, that in enacting the mandatory minimum, Congress had determined that a defendant, such as McCloud, should receive a very severe sentence.

---

[4]In *Lindsey v. Washington*, 301 U.S. 397 (1937), the Supreme Court discussed the impact of a similar substantial disadvantage to a defendant at sentencing. The petitioners were convicted of grand larceny in Washington state courts in April, 1935. The then "prescribed penalty for grand larceny was imprisonment 'for not more than fifteen years.' No minimum term was prescribed." *Id*. at 398. In June, 1935, after petitioners' commission of the offense, but before the sentencing, Washington enacted a change mandating that the sentencing judge impose the maximum sentence provided by law – 15 years. *Id*. at 399. Thus, pre-sentence, the petitioners could have received a less than 15 year sentence, not so after June, 1935. *Id*. at 400. The Supreme Court held that under these facts, a subsequent state statute that made "mandatory what was before only the maximum sentence," violated Article 1, s.10, of the Federal Constitution as an ex post facto law:

> It is plainly to the substantial disadvantage of petitioners to be deprived of all opportunity to receive a sentence which would give them freedom from custody and control prior to the expiration of the fifteen-year term.

*Id*. at 401-402. In this case, McCloud was substantially disadvantaged by the judge's use of the inapplicable 5-40 year range in McCloud's sentence calculation; it prevented McCloud from receiving a sentence which would give him the opportunity to receive a sentence of less than five years, but probably more relevant to his ultimate sentence, it prevented the judge from beginning his sentencing calculations at "ground zero," thereby creating an erroneous 60 month baseline.

On the other hand, Congress made no such determination in the 0-20 year range, which provides the judge with significant discretion in sentencing from the zero month baseline, and because the applicable Guidelines range is merely advisory.

The fact that the district judge sentenced McCloud within a correctly calculated advisory Sentencing Guidelines range does not support the majority's conclusion that McCloud's significant rights were not violated. Nor is the imposition of a Guidelines sentence and its attendant "presumption of reasonableness" at this appellate level conclusive. A presumption can be overcome by facts establishing a serious violation of McCloud's rights in the sentencing process, as occurred here. In this case, while our task is to apply Sixth Circuit precedent, our focus must still be on what occurred in the District Court.

A recent Supreme Court decision reaffirms that there is no requirement that a sentencing judge follow the advisory Sentencing Guidelines, or even presume that a within Guidelines sentence is reasonable:

> As we have noted, district courts may not presume that a within-Guidelines sentence is reasonable; they may "in appropriate cases impose a non-Guidelines sentence based on a disagreement with the Commission's views." *Pepper [v. United States*, 562 U.S.__, __, 131 S. Ct. 1229, 1247 (2011)].

*Peugh v. United States*, 133 S. Ct. 2072, 2087 (2013). Thus, a non-Guidelines downward variance, or a downward Guidelines departure is sanctioned by the Supreme Court, and as discussed *infra*, applied in many cases in the Southern District of Ohio.

In calculating an appropriate sentence, the district judge must apply Title 18 U.S.C. § 3553(a), Imposition of a Sentence:

> (a) Factors to be considered in imposing a sentence –
>
> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection.

18 U.S.C. § 3553(a). This informs the judge of his discretion at sentencing.

The advisory Sentencing Guidelines are but one of the many considerations set forth in §3553(a) that a district judge must consult in imposing a sentence. While they must be consulted, they need not be followed. Sentencing statutes, however, must be followed, as the Supreme Court pointed out in *Dorsey*:

> The 1986 Drug Act, like other federal sentencing statutes, interacts with the Guidelines in an important way. <u>Like other sentencing statutes, it trumps the Guidelines</u>. Thus, ordinarily no matter what the Guidelines provide, a judge cannot sentence an offender to a sentence beyond the maximum contained in the federal statute setting forth the crime of conviction. Similarly, ordinarily no matter what range the Guidelines set forth, a sentencing judge must sentence an offender to at least the minimum prison term set forth in a statutory mandatory minimum.

132 S. Ct. at 2327 (emphasis added).

The district judge's sentencing calculations in McCloud started at a 60 month baseline, which was already 44% of the 140 month sentence imposed, rather than at the correct zero baseline. And his sentencing calculations ended at 480 months, double the correct 240 month maximum sentence. This erroneous range was significant in the sentencing calculation and created a serious risk, indeed a high probability, of the judge imposing a higher sentence based on these erroneous numbers.

> Appellant McCloud's Brief on appeal discusses the significance of this error:

> McCloud received a sentence of 140 months. However, the court was under the impression that this sentence was ¼ the [40 year] statutory maximum sentence, and only 6.7 years above the [5 year] minimum mandatory term. But in fact, the sentence imposed was over ½ the [20 year] statutory maximum, and there was no mandatory minimum to consider.

(Appellant's Br. at 8.)

The district judge sentenced McCloud to 140 months incarceration – 80 months above the erroneous statutory mandatory minimum of 60 months, which calculates to about 29% of the erroneous statutory maximum of 480 months. On the other hand, the 140 month sentence is 58% of the applicable 240 month statutory maximum, and <u>double</u>

the 29% of the erroneous 480 month statutory maximum that the judge utilized.  Thus, while the 140 month sentence imposed was a low-to-moderate sentence under the erroneous 5-40 year range – less than 30% of that 480 month statutory maximum, the 140 month sentence is significantly very severe under the correct 0-20 year range – almost 60% of the 240 month statutory maximum.  These facts "on the ground" destroy any presumption of reasonableness in the Guidelines sentence imposed and require a remand to resentence under the correct numerical statutory parameters.

That this court must focus on the district court's error in failing to apply the correct statutory range, in particular the mandatory minimum, is supported by the recent decision of the Supreme Court in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), which overturned *Harris v. United States*, 536 U.S. 545 (2002).  *Harris* had held that "judicial factfinding that increases the mandatory minimum sentence for a crime is permissible under the Sixth Amendment."  *Alleyne*, 133 S. Ct. at 2155.  The Supreme Court pointed out in *Alleyne* that: "Mandatory minimum sentences increase the penalty for a crime." *Id*.  In this case, the district judge, in sentencing defendant, by applying a no-longer-applicable mandatory minimum sentence of five years, increased the penalty for the crime.  That the five year mandatory minimum was less than the Guidelines sentence does not eliminate the reality that it increased the penalty for the crime by establishing a five year mandatory minimum, when none existed.  This error created a significant serious risk that the sentencing judge would increase McCloud's sentence for the crime.  The Supreme Court stated in *Alleyne*:

> It is impossible to dissociate the floor of a sentencing range from the penalty affixed to the crime.
>
> \*     \*     \*
>
> Moreover, it is impossible to dispute that facts increasing the legally prescribed floor *aggravate* the punishment.  Elevating the low-end of a sentencing range heightens the loss of liberty associated with the crime: the defendant's expected punishment has increased as a result of the narrowed range and the prosecution is empowered, by invoking the mandatory minimum to require the judge to impose a higher punishment than he might wish. . . . [A] mandatory minimum "ups the ante" for a criminal defendant.

133 S. Ct. at 2160, 2161 (emphasis in original) (internal quotation marks and citations omitted).

In this case the district judge had been erroneously advised three times in the PSR to apply the five year mandatory minimum and a 40 year maximum. The Assistant United States Attorney's sentencing memorandum invoking the no-longer-applicable 40 year statutory maximum, not only misstated the law, but also violated a specific FSA directive to him from Attorney General Eric Holder.[5]

The Government's Brief on Appeal now accepts the applicability of the Supreme Court decision in *Dorsey* to this case:

> The opening premise of McCloud's argument is uncontroversial. Pointing to *Dorsey v. United States,* 132 S.Ct. 2321 (2012), he argues that the Fair Sentencing Act of 2010 applies "to all defendants, regardless of when their conduct occurred, who were sentenced on or after August 3, 2012, the date of the FSA's enactment" and that the "holding of *Dorsey* clearly applies in McCloud's case."

(Appellee's Br. at 11.) But, while the Government now acknowledges the applicability of the FSA with its reduction of the statutory range to McCloud's sentence, that does not eliminate the impact of its legally erroneous memorandum at the June 21, 2012 sentencing.

It is no answer to say that McCloud was not prejudiced because the he received a Guidelines sentence. It is no answer to say that there was no prejudice because the

---

[5] Attorney General Eric Holder had issued an order on July 15, 2011 to all Federal Prosecutors:

SUBJECT:    Application of the Statutory Mandatory Minimum Sentencing Laws for Crack Cocaine Offenses Amended by the Fair Sentencing Act of 2010

\*     \*     \*

I agree with those courts that have held that Congress intended the Act not only to "restore fairness in federal cocaine sentencing policy" but to do so as expeditiously as possible and to all defendants sentenced on or after the enactment date. As a result, I have concluded that the law requires the application of the Act's new mandatory minimum sentencing provisions to all sentencings that occur on or after August 3, 2010, regardless of when the offense conduct took place.

\*     \*     \*

The goal of the Fair Sentencing Act was to rectify a discredited policy. I believe that Congress intended that its policy of restoring fairness in cocaine sentencing be implemented immediately in sentencings that take place after the bill was signed into law. That is what I direct you to undertake today.

Defendant could have received the same sentence had the district judge, probation officer, the Assistant United States Attorney, and yes, McCloud's attorney invoked the correct statutory range. Such a guesstimate does not overcome the prejudicial impact of what occurred at the district court sentencing proceeding.

A recent post-*Alleyne* decision of the United States Court of Appeals for the Eighth Circuit, *United States v. Lara-Ruiz*, __F.3d__, 2013 WL 3779573 (8th Cir. 2013), further supports remanding this case for resentencing. Defendant Lara-Ruiz was convicted for use of a firearm during or in relation to a drug trafficking crime. That conviction subjected the defendant to a five year mandatory minimum sentence. However, based on further evidence produced at sentencing, the district judge applied the seven year mandatory minimum sentence for brandishing a firearm during the drug offense, in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2010). The *Lara-Ruiz* sentencing judge then applied the erroneous seven year statutory mandatory minimum, calculated a Guidelines range sentence of seven years to life, and sentenced defendant to 300 months imprisonment.

Applying plain error review under Fed. R. Civ. P. 52, and finding present the plain error relief factors set forth in *United States v. Olano*, 507 U.S. 725, 732 (1993), the Eighth Circuit remanded for resentencing because the error seriously affected the fairness, integrity, or public reputation of the judicial proceeding. The Eighth Circuit Court concluded that the defendant's rights were substantially affected and the error prejudicially influenced the outcome of the district court proceedings "because he was sentenced for a statutory crime different" from the offense of conviction. That is exactly what happened at McCloud's sentencing: he was sentenced under the wrong statutory provision, 21 U.S.C. § 841(b)(1)(B), which carries a 5-40 year sentencing range, instead of § 841(b)(1)(c), which carries the correct sentencing range of 0-20 years. Finally, after citing the relevant language in *Alleyne*, the Eighth Circuit concluded that "the fairness and integrity of the judicial proceedings in this case were affected by the expansion of Lara-Ruiz's loss of liberty resulting from the erroneous increase in the mandatory minimum sentence . . . ." 2013 WL 3779573, at *4. So too in the instant case.

As the Supreme Court noted in *Alleyne*:

> Indeed, if a judge were to find a fact that increased the statutory maximum sentence, such a finding would violate the Sixth Amendment, even if the defendant ultimately received a sentence falling within the original sentencing range (*i.e.*, the range applicable without that aggravating fact). Cf. *Hobbs v. State*, 44 Tex. 353 (1875) (reversing conviction where the defendant was indicted for a crime punishable by 2 to 5 years and sentenced to 3 years because the trial court improperly instructed the jury to sentence the defendant between 2 to 10 years if it found a particular aggravating fact)[.]

133 S. Ct. at 2162.

In focusing on the sentencing process and the sentencing proceeding, and applying recent Supreme Court sentencing precedent, it cannot be gainsaid that the huge disparity evidenced in comparing the severity of the sentence under the applied erroneous statutory sentence scenario, versus the correct statutory sentencing scenario, supports the conclusion that this case should be remanded for resentencing.

In a recent decision involving the FSA, *United States v. Hogg*, __F.3d__ , 2013 WL 3835409 (6th Cir. 2013), we remanded to the district court for further proceedings because the district judge refused to apply the correct statutory penalty range, even though he sentenced the defendant to the bottom of the Sentencing Guidelines range in the Rule 11(c)(1)(c) plea agreement.

Yes, a harmless error standard applied on Hogg's appeal – a lesser standard than the more demanding plain error standard applicable to this case: McCloud has the burden to show that his substantial rights were affected, and that the error seriously affected the fairness, integrity or public reputation of judicial proceedings. *United States v. Vonn*, 535 U.S. 55, 62-63 (2002); *United States v. Olano*, 507 U.S. 725, 734-35 (1993). However, the discussion of Hogg's substantial rights, and the reasoning applied in *Hogg* to remand ring true in this case.

*Hogg's* Rule 11 plea agreement stated that the statutory sentencing range was not less than five years nor more than forty years of imprisonment. Hogg subsequently

moved to withdraw his guilty plea asserting a violation of Fed. R. Crim. P. 11(b)(1)(H)-(I), based on the district judge's "misinforming him as to the applicable statutory penalty range for the offense to which he pled guilty." 2013 WL 3835409, at *6 (citation to the record and alterations omitted). The correct range would have eliminated the mandatory minimum sentence, lowered the statutory maximum sentence, and resulted in a lower "advisory Sentencing Guidelines of 151-188 months rather than the 188-to-234 month range set forth in his plea agreement." *Id.* Hogg contended that if he had been provided with the correct impact of the FSA, he would not have accepted the Government's offer of a 188 month sentence, which was at the top of the post-FSA Guidelines range, and only about four years short of the post FSA statutory maximum of 240 months.

In *Hogg*, we ruled that defendant could "withdraw his guilty plea due to the incorrect statement of the statutory penalty range made to him in his plea agreement and at the plea hearing, where this misstatement affected defendant's substantial rights by changing the calculus under which he weighed and accepted the government's plea offer." 2013 WL 3835409, at *6 (initial capitalization removed). So too here, where the district court seriously violated McCloud's right to a proper sentencing by failing to apply the correct statutory sentencing range in calculating McCloud's sentence. As in *Hogg*, the error resulted in "a significant change in the sentencing calculus . . . ." 2013 WL 3835409, at *14.

Application of the *Vonner* factors here clearly establishes plain error that significantly prejudiced McCloud, and also clearly affected the fairness and integrity of the sentencing proceeding.

1.   The application of the erroneous statutory sentencing range significantly prejudiced Defendant McCloud.

2.   The error was obvious and clear. Indeed, the record evidences a "perfect storm" of serious error committed by all the participants in the federal criminal justice process: the probation officer who failed to set forth the correct statutory sentencing range in the PSR and at the sentencing; the Assistant United States Attorney

whose sentencing memorandum erroneously informed the judge that this crime carried a 40 year maximum sentence; by McCloud's plea counsel who was ineffective by never raising this issue, and finally, and most significantly, by the sentencing judge who applied the erroneous 5-40 year sentencing range, and then repeated that error in the Judgment and Commitment Order/Statement of Reasons by checking the box and signing on, that he had applied the five year mandatory minimum in sentencing McCloud.

The facts and the law in this case meet the plain error requirements. In *United States v. Davila*, 133 S. Ct. 2139 (2013), the Supreme Court pointed out that Federal Rule of Criminal Procedure 52(b) states:

> A plain error that affects substantial rights may be considered even though it was not brought to the [trial] court's attention. . . . When Rule 52(b) controls, the defendant must show that the error affects substantial rights.

133 S. Ct. at 2147 (internal quotation marks and citation omitted) (alteration in original). This is that exceptional case that requires a finding of both prejudicial plain error that significantly prejudiced the Defendant, and that affected the integrity and public reputation of the sentencing proceeding.

### III.

That the sentencing judge imposed a Guidelines sentence, and that on appeal a Guidelines sentence is presumed reasonable, does not justify ignoring the parade of errors in this sentencing process that significantly prejudiced McCloud. Indeed, the fact that McCloud's 140 month sentence was at the bottom of the sentencing Guidelines range when the Judge was guided and cabined by the erroneous higher 5-40 year range, increases the probability that the judge would have varied downward below the Guidelines if he had applied the correct 0-20 year range. U.S. Sentencing Commission statistics for FY 2012 establish that non-government below range sentences were

imposed by district judges in a substantial percentage of federal crack cocaine sentencings in the Southern District of Ohio, specifically 22.2%.

A guessing game as to what the district judge might have done at the sentencing, or would do on remand, is not the central focus of this opinion. The focus of this Court must be on sentencing procedure/process, which in this case was throughly infected with significant prejudicial error at every stage, from every party, that significantly impacted Defendant McCloud.

The interests of justice, the requirement of a fair sentencing proceeding, and the likelihood that a lesser sentence would have been imposed under the proper statutory parameters requires a remand for resentencing in this case. A remand would not be a useless exercise, but instead a recognition that the statutory law must be followed by all parties, in particular the Judge, and that precedent supports this Defendant's right to a proper and fair sentencing proceeding, instead of the parade of errors that infected this sentencing. I respectfully dissent.