**UNITED STATES of America, Appellee,**

v.

**Paris Deandre GORDON, Appellant.**

No. 90–1539.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 16, 1990.

Decided Jan. 17, 1991.

Gregory G. Fenlon and Gerald M. Dunne, St. Louis, Mo., for appellant.

Stephen B. Higgins and Steven E. Holthouser, St. Louis, Mo., for appellee.

---

Before JOHN R. GIBSON, Circuit Judge, HENLEY, Senior Circuit Judge, and CONMY,* Chief District Judge.

CONMY, Chief District Judge.

Paris Gordon was convicted of three counts of possession of cocaine with intent to distribute. He was sentenced to sixty months in prison, followed by three years of supervised release.

The issues raised are:

1. Whether the district court[1] erred in determining that relevant and pertinent information was not intentionally withheld in the obtaining of the final two search warrants of the residence at 4838 Anderson.

2. As to count 1, whether the evidence was sufficient to establish constructive possession of the cocaine found in the motel room.

3. As to count 2, was the evidence (one ounce of cocaine found in the defendant's sock on October 10, 1989) sufficient to support an inference of intent to distribute the cocaine.

4. As to count 3, was the evidence sufficient to prove possession of the cocaine involved on that occasion.

We find the assignments of errors to be without merit, and affirm the convictions.

## I.

■ The residence at 4838 Anderson, occupied by a relative of the defendant, had been the subject of several successive search warrants. A warrant issued in November 1988 was never executed. A search of the premises, pursuant to a warrant issued in January 1989 revealed no contraband. Applications were made for additional search warrants in October and November 1989. The fact that the earlier search(es) of the premises had produced no contraband was not included in these later applications.

The defendant claims such failure to inform brings this case within the Supreme Court's holding in *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). *Franks* stands for the proposition that the results of a search will be suppressed if "a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant," and the statement in question was necessary to the finding of probable cause. *Id.* at 155–56, 98 S.Ct. at 2676–77.

A review of the record indicates that each of the several search warrant applications was occasioned by separate information to the police that the defendant was in the area, that he was at the residence, and that he appeared to be dealing cocaine from the residence. The defendant was not a constant occupant of the premises, but stayed there on various occasions when in town from Los Angeles "on business."

After evaluating the probable cause showing for the issuance of the warrants challenged, the trial court found the fact of a previous unsuccessful search not probative of the presence or absence of probable cause in the later application. We are satisfied that the district court did not err in this ruling.

## II.

■ The conviction in count 1 is based upon the finding of cocaine between the mattress and box spring in a motel room. The police found a bag containing nine smaller bags, each knotted and tied at the top and each containing approximately one ounce of cocaine. The total amount located weighed approximately 250 grams and was 6.7% pure. The occupant of the room, a 17–year old, granted the police permission to enter and search the room. The room was registered in the name of Paris Gordon, and his driver's license was used to provide identification. An abandoned vehicle was later found in the motel parking lot and was registered in the name of Paris Gordon. Testimony established that Gordon and the 17–year old were both members of the same Los Angeles gang, the

* The HONORABLE PATRICK A. CONMY, United States Chief District Judge for the District of North Dakota.

1. The Honorable Edward L. Filippine, United States Chief District Judge for the Eastern District of Missouri.

Crips, and further, that they had been jointly engaged in drug dealings on other occasions. Motel records showed Gordon to be a frequent customer. Approximately one year later, Gordon gave the police a statement acknowledging his actual rental and occupancy of the room prior to the police search.

In determining whether the evidence presented at trial is sufficient to support the verdict, a court must review the evidence in the light most favorable to the verdict and give the government the benefit of all inferences that reasonably may be drawn from the evidence. *United States v. Kouba*, 822 F.2d 768, 773 (8th Cir.1987). Constructive possession must be established by showing knowledge plus control. *United States v. Larson*, 760 F.2d 852, 857 (8th Cir.1985).

The facts recited above overwhelmingly show that not only was the defendant closely associated with the motel, but with the occupant of the room as well. When examined in the light most favorable to the verdict, a claim that the evidence to support a finding of constructive possession was insufficient as a matter of law must fail. Thus, the totality of the circumstances clearly justifies the inference that the defendant had both knowledge and control over the drugs found in the motel room.

### III.

The defendant's issues 3 and 4 require a more extensive factual recital. There were two later searches of 4838 Anderson; the first was conducted on October 10, 1989. Gordon was found on the premises and was arrested on a previously-issued warrant. He was searched and a plastic bag, knotted and tied, containing 27.89 grams of cocaine was found in his sock.

The second search was conducted on November 13, 1989. The officers found Gordon seated on a couch or love seat. He was again arrested on a previously issued warrant, and was found to have a plastic bag, knotted and tied, containing approximately 14 grams (½–ounce) of cocaine in the pocket of his pants. Another thirteen clear plastic bags, knotted and tied, were found beneath the cushion upon which the defendant had been seated. Each contained approximately ½–ounce of cocaine.

Testimony was presented that the quantity in each package, the method of packaging, and the number of packages were all consistent with the distribution of cocaine; and that the possession of a single bag was consistent with either simple possession as a user, or as a distributor. This testimony applied to the motel seizures as well as to the cocaine located at 4838 Anderson.

■ The evidentiary objection to the conviction on count 3 is clearly without merit. One bag in the pocket and thirteen more under the cushion upon which the defendant was seated is ample basis for a finding of actual possession of the cocaine.

Drug dealing, or the association with those engaged in drug dealing, is a hazardous occupation. We recognize the validity of inferences that the location of cocaine beneath the mattress of a bed one has rented, or the cushion of a couch upon which one is seated, when coupled with actual possession of a smaller amount of the same product, packaged the same way amounts to possession of the slept-upon or sat-upon contraband.

■ Count 2 presents a closer question; and if the factual pattern present in count 2 were to stand isolated from the evidence showing a pattern of drug dealing, application of the principles set out in *United States v. Franklin*, 728 F.2d 994 (8th Cir. 1984), might well warrant a finding that the evidence was insufficient to support anything more than simple possession. In *Franklin*, the defendant was stopped and arrested for traffic violations. During the pat-down search, the officer discovered two clear bags containing 35 grams of 42% pure cocaine in the defendant's sock. *Id.* at 996. In *Franklin*, this court said that possession of 35 grams of cocaine by itself without other indicia of narcotics distribution did not warrant a finding of possession with intent to distribute. *Id.* at 1000.

This case is clearly distinguishable on the facts. Gordon's conduct in count 2 was

tied by evidence to a clear showing of drug distribution. Evidence including the use of similar bags, similar quantities, and direct testimony of an on-going pattern of dealing provided the trial court with indicia of narcotics distribution not present in *Franklin.*

The judgment of the district court is affirmed.