**UNITED STATES of America, Appellee,**

v.

**Steven Wayne JOHNSON, Appellant.**

**No. 92–1393SI.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 13, 1992.

Decided Oct. 16, 1992.

Rehearing Denied Nov. 17, 1992.

D. William Thomas, Des Moines, Iowa, argued, for appellant.

John D. Griffith, Asst. Atty. Gen., Des Moines, Iowa, argued, for appellee.

Before FAGG, Circuit Judge, LAY, Senior Circuit Judge, and LARSON,* Senior District Judge.

PER CURIAM.

Steven Wayne Johnson appeals his jury conviction of possession with intent to distribute cocaine. *See* 21 U.S.C. § 841(a)(1) (1988). We affirm.

The following facts are undisputed. Johnson flew to Des Moines, Iowa one morning and checked into a motel. Several individuals briefly visited Johnson during the day, including one group that brought a grocery sack to Johnson's room and left with a small box. That evening, Johnson checked out of the motel and went to the airport to fly to Tucson, Arizona. Johnson purchased both of his one-way tickets with cash and checked no luggage. With Johnson's consent, police officers searched Johnson at the airport. The officers found $10,390 in small bills concealed in Johnson's pants and a plastic bag containing 5.98 grams of cocaine in his underwear. Johnson told the officers the cocaine was "personal use stuff." The cocaine was in compacted form, however, and not ready for personal consumption. The officers also found a slip of paper with handwritten numbers and words in Johnson's wallet.

At Johnson's trial, a police detective testified Johnson's activities and the amount and denominations of currency found on him were consistent with drug trafficking. The detective testified the cocaine appeared to be a chunk from a larger compaction. The detective interpreted the slip of paper as a disguised accounting of drug sales. The detective also testified he had seized cocaine and drug scales from one of Johnson's motel visitors two months before Johnson's arrest.

■ Johnson contends 5.98 grams of cocaine is not an excessive quantity to possess for personal use, and thus, the evidence was insufficient to show he intended to distribute cocaine. We disagree. Although there is no direct evidence, Johnson's intent to distribute "may be inferred from circumstantial evidence such as a large sum of cash, and a quantity of a controlled substance." *United States v. Knox,* 888 F.2d 585, 588 (8th Cir.1989).

■ Viewing the evidence in the light most favorable to the Government and giving the Government the benefit of all reasonable inferences, *United States v. Gordon,* 923 F.2d 123, 125 (8th Cir.1991), we conclude the jury could reasonably find that Johnson intended to distribute cocaine. Although the quantity of cocaine in Johnson's possession was small, the jury could infer Johnson's intent to distribute from his activities on the day of his arrest, the large sum of cash he possessed, the compacted form of the cocaine, and the coded slip of paper. *See id.* at 125–26 (possession of one ounce of cocaine along with additional evidence of ongoing pattern of drug dealing supported inference of intent to distribute); *United States v. Trotter,* 889 F.2d 153, 156 (8th Cir.1989) (possession of nine grams of cocaine and large sum of money with cocaine traces supported an inference of intent to distribute), *rev'd on other grounds,* 912 F.2d 964 (1990) (adopting panel's decision on sufficiency question).

■ Johnson next contends the district court improperly admitted evidence of Johnson's earlier convictions for possession of a narcotic drug for sale and of marijuana with intent to deliver. *See* Fed.R.Evid. 404(b). According to Johnson, his earlier convictions were irrelevant, not reasonably close in time, and more prejudicial than probative. We disagree. The district court admitted Johnson's convictions for the limited purpose of showing Johnson's knowledge and intent and gave the jury a limiting instruction at the close of the evidence. Having carefully considered the record, we conclude the district court did not abuse its broad discretion in admitting this evidence under Rule 404(b). *See United States v. Burk,* 912 F.2d 225, 228–29 (8th Cir.1990).

* The HONORABLE EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation.

■ Finally, Johnson contends the Government violated his procedural due process rights by prosecuting him in federal court when he could have been tried in state court. Johnson argues he would have received a significantly shorter sentence in state court than the 262 month sentence he received under the Federal Sentencing Guidelines. Because Johnson raises this contention for the first time on appeal, we will reverse only for plain error. *See United States v. Martin*, 933 F.2d 609, 611 (8th Cir.1991).

"The fact that the federal government prosecutes a federal crime in a federal court that could have been ... prosecuted as a state crime in a state court does not itself violate due process." *United States v. Turpin*, 920 F.2d 1377, 1388 (8th Cir. 1990) (citing *Abbate v. United States*, 359 U.S. 187, 194, 79 S.Ct. 666, 670, 3 L.Ed.2d 729 (1959)), *cert. denied,* — U.S. ——, 111 S.Ct. 1428, 113 L.Ed.2d 480 (1991). This is so even if the defendant faces a harsher sentence in federal court. *Id.* We thus conclude Johnson's federal prosecution did not violate due process.

Accordingly, we affirm.