# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2015
_____

United States of America

*Plaintiff - Appellee*

v.

Antonio Shaw, also known as Lips, also known as A1

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: March 12, 2014
Filed: May 15, 2014
_____

Before WOLLMAN, MURPHY, and GRUENDER, Circuit Judges.
_____

GRUENDER, Circuit Judge.

A jury found Antonio Shaw guilty of conspiracy to possess with intent to distribute crack cocaine and marijuana ("Count I"), in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846, and possession of a firearm in furtherance of a drug-trafficking offense ("Count II"), in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Shaw raises a sufficiency-of-the-evidence argument and challenges his sentence. We affirm the conviction but vacate the sentence and remand for resentencing.

## I. Background

Evidence at trial established that Shaw had distributed marijuana in the St. Louis area since he was in high school. On July 22, 2004, members of the St. Louis Metropolitan Police Department ("the police") arrested Shaw and, during a search incident to arrest, discovered 19.85 grams of marijuana and $162 in cash. On March 11, 2006, the police stopped Shaw's vehicle for failure to obey a stop sign and found Shaw in possession of 57.58 grams of marijuana packaged in four individual plastic bags and $1,042 in cash. On November 16, 2007, the police arrested Shaw during the execution of a search warrant and found him in possession of .89 grams of crack cocaine, $1,776 in cash, and a fully-loaded 9-mm semiautomatic pistol. The police never discovered user paraphernalia during these arrests. In addition to this evidence, two drug distributors testified that they collectively purchased at least seventy-five pounds of marijuana from Shaw between 2006 and 2008. They also testified that during these drug exchanges, Shaw carried a firearm. A drug-distribution expert opined that Shaw's activities involving marijuana and crack cocaine from 2004 to 2009 were indicative of an intent to distribute. Specifically, the expert cited the lack of user paraphernalia, the multiple single-dosage units packaged for distribution discovered during the March 2006 arrest, the large amounts of cash, Shaw's use of two cellular phones and several vehicles to avoid detection, and Shaw's carrying a firearm for protection. Shaw moved for judgment of acquittal based on insufficiency of the evidence. The district court denied the motion, and the jury found Shaw guilty of both Counts I and II.

In determining Shaw's statutory sentencing range, the district court found that Shaw brandished a firearm in furtherance of his drug-trafficking offense—a finding not made specifically by the jury—and determined that a seven-year mandatory-minimum sentence applied under § 924(c)(1)(A)(ii). However, the district court sentenced Shaw to 378 months' imprisonment. This appeal followed.

## II.  Discussion

Shaw argues that the district court erred by denying his motion for judgment of acquittal based on insufficiency of the evidence.  "We review *de novo* a district court's denial of a motion for judgment of acquittal, viewing the evidence in the light most favorable to the verdict and drawing all reasonable inferences in its favor."  *United States v. Vore*, 743 F.3d 1175, 1180 (8th Cir. 2014).  "'This standard is quite strict,' and the court will not disturb the conviction unless 'no reasonable jury could have found the defendant guilty beyond a reasonable doubt.'"  *United States v. Wright*, 739 F.3d 1160, 1167 (8th Cir. 2014) (internal citation omitted) (quoting *United States v. Serrano-Lopez*, 366 F.3d 628, 634 (8th Cir. 2004)).

To convict Shaw on Count I, the Government had to prove beyond a reasonable doubt (1) that there was a conspiracy (an agreement to possess with intent to distribute the drugs); (2) that Shaw knew of the conspiracy; and (3) that Shaw intentionally joined the conspiracy.  *See United States v. Banks*, 706 F.3d 901, 906 (8th Cir. 2013).  To the extent Shaw argues the evidence was insufficient to prove the existence of a conspiracy, we find this argument meritless.  The Government introduced into evidence a transcript of Shaw's testimony from a 2009 trial, in which he admitted to an agreement with others to purchase and distribute drugs.  Moreover, he sold at least seventy-five pounds of marijuana over three years to the distributors who testified at trial.  *See United States v. Rodriguez-Ramos*, 663 F.3d 356, 362 (8th Cir. 2011) (holding that a defendant's repeated supply of large amounts of drugs "is not a typical buyer-seller relationship but instead is indicative of knowledge and intent to join a conspiracy because of the quantity and regularity of the transactions").  Shaw's primary challenge is whether the evidence was sufficient to show that he possessed distribution quantities of marijuana and crack cocaine such that there was an agreement to possess with intent to distribute the drugs.  He argues that the amount of drugs discovered was minimal and therefore consistent with personal use.

First, with respect to the marijuana, Shaw argues that the testimony of the two distributors concerning the sale of seventy-five pounds of marijuana was vague and therefore not credible. "However, we do not consider attacks on witnesses' credibility when we are evaluating an appeal based upon the sufficiency of the evidence." *United States v. Funchess*, 422 F.3d 698, 701 (8th Cir. 2005). Viewing the evidence, as we must, in the light most favorable to the verdict, we presume that the jury found Shaw sold seventy-five pounds of marijuana to the distributors as they testified. *See Vore*, 743 F.3d at 1180. This substantial amount of distributed marijuana, in addition to the other marijuana discovered on Shaw's person during the arrests, was more than sufficient to infer an intent to distribute. *See Wright*, 739 F.3d at 1169 ("A large quantity of narcotics alone provides sufficient circumstantial evidence for a jury to infer an intent to distribute it."). And this was not the only evidence presented to the jury on the issue of Shaw's intent to distribute the marijuana. The distributors testified that Shaw carried a firearm when he sold the seventy-five pounds of marijuana to them. *See United States v. Boyd*, 180 F.3d 967, 980 (8th Cir. 1999) (holding that the presence of a firearm while possessing narcotics is circumstantial evidence of an intent to distribute the narcotics). Shaw also possessed significant amounts of cash during the arrests involving marijuana; in addition, during the March 2006 arrest, the marijuana was packaged in individual plastic bags. *See Wright*, 739 F.3d at 1169-70 (explaining that cash and packaging material also indicate an intent to distribute narcotics). Finally, Shaw was never discovered to be in possession of user paraphernalia, but he did use two cellular phones and several vehicles to avoid detection—all circumstances that the expert testified indicated wholesale distribution rather than personal use. Therefore, the district court did not err in concluding that sufficient evidence supported a finding of an agreement to possess with intent to distribute the marijuana.

Second, with respect to the crack cocaine, Shaw contends that .89 grams was not a sufficiently substantial quantity to infer an intent to distribute. We begin by

observing that the expert testified that .89 grams—approximately 9 dosage units—is a distributable amount. Even though distributable, however, "[p]ossession of such a small amount of drugs, standing alone, is an insufficient basis from which to infer intent to distribute." *United States v. McClellon*, 578 F.3d 846, 855 (8th Cir. 2009) (alteration in original) (quoting *United States v. Delpit*, 94 F.3d 1134, 1153 (8th Cir. 1996)) (discussing 6.45 grams of cocaine base). But "[o]f course, we don't look at the amount of drugs alone; even a small amount, if bolstered by other evidence, can show intent to distribute." *Id.* (quoting *Delpit*, 94 F.3d at 1153). For example, in *United States v. Gordon*, 923 F.2d 123 (8th Cir. 1991), the defendant possessed only one ounce of cocaine. *Id.* at 124-25. The court observed that if the one ounce of cocaine "were to stand isolated from the evidence showing a pattern of drug dealing," then "a finding that the evidence was insufficient to support anything more than simple possession" may have been appropriate. *Id.* at 125. However, because other evidence "provided the trial court with indicia of narcotics distribution," we concluded that the evidence as a whole supported an inference of an intent to distribute the one ounce of cocaine. *Id.* at 125-26. Similarly, in *United States v. White*, 969 F.2d 681 (8th Cir. 1992), we held that because 7.54 grams of cocaine was "insufficient standing alone to support a conviction for possession with intent to distribute," "the question becomes whether there was enough additional evidence, including circumstantial evidence, to sustain the jury's verdict." *Id.* at 684. We ultimately found that White's carrying of a firearm was a significant indicator of narcotics distribution supporting an inference of an intent to distribute. *Id.* Here, when discovered with the crack cocaine, Shaw also simultaneously possessed $1,776 in cash and a loaded pistol. Under these cases, this additional evidence of cash and a loaded firearm was sufficient to infer an intent to distribute even a small amount of crack cocaine. *See also Wright*, 739 F.3d at 1169-70; *Boyd*, 180 F.3d at 980. Accordingly, the district court did not err in concluding that sufficient evidence supported a finding of an agreement to possess with intent to distribute the crack cocaine.

Shaw next argues that the evidence was insufficient to show that he possessed a firearm in furtherance of a drug-trafficking offense to support his conviction on Count II. To establish a violation of § 924(c), the Government had to prove beyond a reasonable doubt that Shaw (1) committed a drug-trafficking crime and (2) possessed a firearm in furtherance of that crime. *United States v. Robinson*, 617 F.3d 984, 988 (8th Cir. 2010). The "in furtherance of" element is satisfied if the Government provides "evidence from which a reasonable [trier of fact] could find a nexus between the defendant's possession of the charged firearm and the drug crime." *Id.* at 989 (alteration in original) (internal quotation marks omitted) (quoting *United States v. Sanchez-Garcia*, 461 F.3d 939, 946 (8th Cir. 2006)). The jury may infer the required nexus when the firearm "is kept in close proximity to the drugs, it is quickly accessible, and there is expert testimony regarding the use of firearms in connection with drug trafficking." *United States v. Fetters*, 698 F.3d 653, 658 (8th Cir. 2012) (quoting *United States v. Close*, 518 F.3d 617, 619 (8th Cir. 2008)). Count I, a drug-trafficking crime, satisfies the first element. As for the second element, the Government introduced Shaw's testimony in a prior trial, in which he admitted to carrying a gun in connection with his drug business because there was "a lot of hatred out there . . . . because I sold weed." In addition, Shaw was arrested on November 16, 2007, in possession of crack cocaine, cash, and a fully-loaded firearm. Moreover, the drug distributors testified that Shaw possessed a firearm when he sold them seventy-five pounds of marijuana. Finally, the drug-distribution expert testified that drug traffickers routinely use firearms for intimidation and protection—consistent with Shaw's own admission. Accordingly, a reasonable trier of fact could find a nexus between Shaw's possession of the charged firearm and the drug crime. The district court therefore did not err in denying Shaw's motion for judgment of acquittal.

With regard to his sentencing, Shaw asserts that the district court violated his Sixth Amendment right to a jury trial by imposing a seven-year mandatory-minimum sentence under 18 U.S.C. § 924(c). "This court reviews de novo constitutional challenges to a sentence." *United States v. Hyles*, 521 F.3d 946, 958 (8th Cir. 2008).

The district court concluded that the mandatory minimum applied because it found that Shaw had brandished a firearm during and in relation to a drug-trafficking crime. *See* § 924(c)(1)(A)(ii). Shaw contends, however, that the mandatory minimum should have been five years because the jury did not find that Shaw brandished a firearm in relation to his drug-trafficking offense. The Government concedes that the district court's determination of a seven-year mandatory minimum in the absence of a jury finding violated the Supreme Court's decision in *Alleyne v. United States*, --- U.S. ---, 133 S.Ct. 2151 (2013), and our case law compels us to agree. *See United States v. Lara-Ruiz*, 721 F.3d 554, 558-59 (8th Cir. 2013) (remanding for resentencing even though the sentence imposed exceeded the mandatory minimum challenged). Therefore, we vacate the sentence and remand for resentencing.[1]

## III. Conclusion

For the foregoing reasons, we affirm the district court's denial of Shaw's motion for judgment of acquittal. However, due to the *Alleyne* violation in determining the mandatory-minimum sentence, we vacate the sentence and remand for resentencing.

————————————————————

[1]Shaw also raises arguments concerning the procedural and substantive reasonableness of his sentence. As in *Lara-Ruiz*, however, we decline to address those arguments. 721 F.3d at 559.