# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2630

_____

United States of America

*Plaintiff - Appellee*

v.

Antonio Shaw, also known as Lips, also known as A1

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: February 6, 2015
Filed: March 23, 2015
[Unpublished]

_____

Before WOLLMAN, MURPHY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

In 2012, a jury found Antonio Shaw guilty of conspiring to distribute cocaine base and marijuana, and of possessing a firearm in furtherance of a drug-trafficking offense. On appeal, this court upheld the convictions, but vacated the firearm-possession sentence based on *Alleyne v. United States*, 133 S. Ct. 2151 (2013). *See United States v. Shaw*, 751 F.3d 918 (8th Cir. 2014).

On remand, the district court[1] recognized the correct mandatory minimum sentence for the firearm-possession offense, then imposed the same sentences as before: consecutive prison terms of 210 and 168 months. These sentences were above the calculated advisory range under the United States Sentencing Guidelines. In this appeal, Shaw's counsel has moved to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing that the drug quantity attributed to Shaw for purposes of calculating his advisory Guidelines range was not supported by the evidence and that in choosing a sentence above the Guidelines range, the district court erred in considering evidence presented at sentencing regarding uncharged criminal conduct. In a pro se brief, Shaw additionally argues (1) the district court failed to remedy the *Alleyne* error; (2) the evidence did not support his conviction for conspiring to distribute cocaine base; (3) the evidence did not support certain enhancements included in the calculation of his total offense level under the Guidelines; and (4) the court erred in calculating his criminal history.

Shaw's challenges to the sufficiency of the evidence, the enhancements other than the drug quantity used in calculating his offense level, and his criminal history are precluded because, in his first appeal, these issues either were not raised or were decided adversely to him. *See United States v. Walterman*, 408 F.3d 1084, 1085-86 (8th Cir. 2005) (in appeal following remand, refusing to consider issues not brought to court's attention in first appeal; noting defendant does not get second chance to make argument not supported in first appeal just because he is resentenced); *United States v. Bartsh*, 69 F.3d 864, 866 (8th Cir. 1995) (when appellate court remands case, "all issues decided by the appellate court become the law of the case" and may not be relitigated).

---

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

We will consider Shaw's remaining counseled and pro se challenges, as our prior opinion expressly reserved any review of the procedural and substantive reasonableness of Shaw's sentences. *See* 751 F.3d at 923 n.1; *see also United States v. Hatter*, 532 U.S. 557, 566 (2001) (law-of-case doctrine presumes hearing on merits). First, to the extent that Shaw initially challenged and now continues to challenge the drug-quantity calculation, we find no clear error. *See United States v. Walker*, 688 F.3d 416, 421-22 (8th Cir. 2012) (sentencing court may determine drug quantity based on testimony of co-conspirator alone); *United States v. Payton*, 636 F.3d 1027, 1046 (8th Cir. 2011) (standard of review); *United States v. Weiland*, 284 F.3d 878, 882-83 (8th Cir. 2002) (discussing factors relevant when determining if prior drug-possession conviction properly was counted as relevant conduct to conspiracy offense for purposes of determining base-offense level). Second, we conclude that the district court did not err in considering evidence of uncharged criminal conduct that was presented at the sentencing hearing. *See United States v. Loaiza-Sanchez*, 622 F.3d 939, 942 (8th Cir. 2010) (prior criminal conduct, whether or not related to offense of conviction, is part of history and characteristics of defendant that court shall consider in imposing appropriate sentence); *United States v. Jenners,* 537 F.3d 832, 835-36 (8th Cir. 2008) (court may consider uncharged criminal conduct). Third, we find no merit to Shaw's argument that the court failed to remedy its *Alleyne* sentencing error on remand. The court recognized the correct statutory mandatory minimum sentence, then imposed a sentence based on its consideration of the factors in 18 U.S.C. § 3553(a). Finally, upon independently reviewing the record in accordance with *Penson v. Ohio*, 488 U.S. 75, 80 (1988), we conclude that the sentences are not unreasonable, *see United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (abuse-of-discretion review of sentencing decision); *United States v. Magnum,* 625 F.3d 466, 470 (8th Cir. 2010) (where district court sufficiently explains sentencing decision, appellate court gives due deference to court's decision that § 3553(a) factors, on whole, justify extent of variance).

Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the district court.

_____