# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2918
_____

United States of America

*Plaintiff - Appellee*

v.

Antonio M. Taylor

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: May 29, 2015
Filed: June 3, 2015
[Unpublished]

_____

Before SHEPHERD, BYE, and KELLY, Circuit Judges.

_____

PER CURIAM.

A jury found Antonio Taylor guilty of nine drug and firearm offenses--three counts each of possessing with intent to distribute controlled substances, possessing a firearm in furtherance of a drug-trafficking crime, and being a felon in possession of a firearm, for acts

committed on March 7, June 5, and July 2, 2012. The district court[1] thereafter sentenced Taylor to concurrent terms of 60 months in prison on the six drug-trafficking and felon-in-possession offenses, and consecutive prison terms of 60 months, 300 months, and 300 months on his three convictions for possessing firearms in furtherance of the drug-trafficking crime offenses, as required by 18 U.S.C. § 924(c)(1), for a total of 720 months in prison, to be followed by a total of 5 years of supervised release. Taylor appeals, and has been granted leave to proceed pro se. Having carefully considered the arguments in Taylor's briefs, we conclude that each of them fails, as explained below.

Viewing the evidence in the light most favorable to the jury's verdict, resolving any conflicts in the government's favor, and accepting all reasonable inferences that support the verdict, we conclude that the testimony and physical evidence obtained by law enforcement officials who arrested or attempted to arrest Taylor on the dates in question constitute sufficient evidence supporting all of Taylor's convictions. See United States v. Shaw, 751 F.3d 918, 921–22 (8th Cir. 2014). We also find no abuse of the district court's discretion with regard to jury instructions, see United States v. Chatmon, 742 F.3d 350, 354 (8th Cir. 2014); no error in the court's rejection of Taylor's general challenge to the racial composition of the jury panel as he has presented no evidence of a default in the selection process, see United States v. Jefferson, 725 F.3d 829, 835 (8th Cir. 2013), cert. denied, 134 S. Ct. 1954 (2014); and no violation of Alleyne v. United States, 133 S. Ct. 2151 (2013), or Apprendi v. New Jersey, 530 U.S. 466 (2000), in the imposition of the statutorily required consecutive sentences for second and subsequent section 924(c) convictions, see United States v. Hunter, 770 F.3d 740, 745–46 (8th Cir. 2014), cert. denied, 2015 WL 1699131 (U.S. May 18, 2015) (No. 14-9331). In addition, Taylor explicitly waived his right to request a different judge, see United States v. Olano, 507 U.S. 725, 733 (1993), and

---

[1]The Honorable Beth Phillips, United States District Judge for the Western District of Missouri.

his ineffective-assistance claims are best left for possible proceedings under 28 U.S.C. § 2255, <u>see</u> <u>United States v. Hughes</u>, 330 F.3d 1068, 1069 (8th Cir. 2003).  The judgment is affirmed.

_____