# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1218

_____

United States of America

*Plaintiff - Appellee*

v.

Darrell Givens

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: November 1, 2018
Filed: November 28, 2018
[Unpublished]

_____

Before LOKEN, BENTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Darrell Lee Givens directly appeals the district court's[1] judgment after a jury verdict finding him guilty of being a felon in possession of a firearm, possessing

_____

[1]The Honorable Beth Phillips, United States District Judge for the Western District of Missouri.

phencyclidine (PCP) with intent to distribute, and possessing a firearm in furtherance of a drug trafficking crime. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Counsel has moved to withdraw and filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967). He challenges the sufficiency of the evidence to convict Givens of all three offenses; and the admission of a photograph depicting the cash, vial of PCP, and gun seized when Givens was arrested. In a pro se brief, Givens challenges the substitution of the government's drug expert; asserts the district court improperly admitted fabricated evidence; contends he was prevented from calling witnesses on his behalf at trial; and argues there was no "accuser" who saw him with a gun. Givens has also filed a motion to appoint new counsel, asserting counsel made various errors in the district court. He also requests pretrial transcripts.

Upon de novo review, this court concludes that there was sufficient evidence to support the jury verdict. *See United States v. Birdine*, 515 F.3d 842, 844 (8th Cir. 2008). The evidence at trial showed that Givens was a felon; and he had knowing, constructive possession of a gun that affected interstate commerce. *See United States v. Cowling*, 648 F.3d 690, 699-700 (8th Cir. 2011). A resident at the home where Givens was arrested told the responding police officer that Givens was trying to hide a gun in the kitchen sink; the officer heard the sound of metal hitting metal; Givens was seen emerging from kitchen—where no one else was present—through the only doorway; immediately thereafter, the officer found the gun and a magazine in the kitchen sink; Givens later admitted to having touched the gun on more than one occasion; and Givens had been living at the residence for 4 months. *See United States v. Ramos*, 852 F.3d 747, 754-55 (8th Cir. 2017); *United States v. Maloney*, 466 F.3d 663, 666-67 (8th Cir. 2006) (knowledge may be established by circumstantial evidence). As the offense does not require that an individual actually see the defendant with a gun, this court concludes Givens's argument as to the lack of an "accuser" is without merit.

-2-

The government also proved that Givens had knowing possession of PCP, and the intent to distribute it. *See United States v. Fetters*, 698 F.3d 653, 657 (8th Cir. 2012). The evidence showed that 10.8 grams of PCP and $6,999 in cash were found on Givens's body; the vial of PCP contained a distribution quantity; strict PCP users are generally found with dipped cigarettes, as opposed to vials such as the one Givens possessed; the denominations found on Givens included ninety-two $20 bills, and a normal sale of PCP would be in increments of $10 to $20; Givens did not appear to have recently taken any PCP; and the government's drug expert testified that the "tools of the PCP trade" generally include drugs, cash, and firearms. *See United States v. Thompson*, 881 F.3d 629, 632-33 (8th Cir. 2018) (intent to distribute may be proved by circumstantial evidence; evidence may include, inter alia, drug quantity and the presence of cash and a firearm).

The government further proved that Givens possessed a firearm in furtherance of drug trafficking, as Givens possessed a firearm, committed a drug-trafficking crime, and the government's expert testified that drug traffickers often use firearms for protection. *See United States v. Robinson*, 617 F.3d 984, 988 (8th Cir. 2010); *United States v. Shaw*, 751 F.3d 918, 922-23 (8th Cir. 2014) (government may show satisfaction of "in furtherance of" element if there is a nexus between defendant's possession of the firearm and the drug crime; jury may infer the required nexus when the firearm "is kept in close proximity to the drugs, it is quickly accessible, and there is expert testimony regarding the use of firearms in connection with drug trafficking") (citations omitted).

This court concludes that the district court did not abuse its discretion in admitting the photograph showing the cash, vial of PCP, and gun. *See* Fed. R. Evid. 403 (court may exclude relevant evidence if its probative value is substantially outweighed by a danger of, inter alia, unfair prejudice, confusing the issues, or misleading the jury); *Ramos*, 852 F.3d at 756-57 (great deference is given to the district court's Rule 403 determinations; even if evidence should have been excluded

under the rule, this court will not reverse if the error was harmless in light of other evidence).

With regard to Givens's drug expert argument, this court concludes that Givens has not established that the testimony of the originally-designated expert would have been any different than that of the testifying expert, or that the substitution was prejudicial. The court further concludes that Givens's assertion that the dash cam footage and a police report contained fabrications is unsupported by the record. *See United States v. Brown*, 482 F.2d 1226, 1228 (8th Cir. 1973) (standard of review; in the absence of any evidence to the contrary, a trial judge is entitled to assume an official properly discharged his official duties and did not tamper with evidence). The district court gave Givens ample time to prepare his defense, and reminded him on multiple occasions about his responsibilities in preparing his witnesses. Any failure to present witnesses at trial was due to Givens's own neglect.

To the extent Givens intended to raise ineffective-assistance claims on direct appeal, this court declines to consider them. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 826-27 (8th Cir. 2006) (ineffective-assistance claims are usually best litigated in collateral proceedings, where record can be properly developed).

The judgment is affirmed. Counsel's motion to withdraw is granted. Givens's pro se motions for new counsel and transcripts are denied as moot.

_____